IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANDREW JAMISON                                                                      PETITIONER

v.                                                                         No. 3:18CV207-M-RP

JIM HOOD                                                                            RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Andrew Jamison for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has not responded to the petition because the deadline to do so has not expired. For the reasons set forth below, the petitioner's first ground for relief will be dismissed as successive, and the remaining ground will be dismissed for failure to state a claim upon which relief could be granted.

***Habeas Corpus* Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since

been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Nature of Proceedings: § 2254 v. § 2241

Mr. Jamison filed the instant petition on the form for seeking *habeas corpus* relief under 28 U.S.C. § 2254 (which is a challenge to the validity of an inmate's conviction or sentence); however, Ground Two of the petition (the only one for which the court can exercise jurisdiction), falls under the category of 28 U.S.C. § 2241. In Ground Two, the petitioner challenges the validity of a state detainer against him, which would affect the duration of his custody, rather than the validity of his conviction or the sentence imposed in the trial court. When a state prisoner challenges unconstitutional parole procedures or rules which affect his release, and resolution would entitle him to accelerated release, the challenge is properly brought as a *habeas corpus* proceeding, rather than one under 42 U.S.C. § 1983. *Davis v. Fechtel,* 150 F.3d 486, 490 (5th Cir.1998).

However, a challenge to the *execution* of a sentence, as opposed to its *duration*, is

appropriately brought under 28 U.S.C. § 2241, as opposed to § 2254. *Id.,* at 490; *see also, Batiste v. State Bd. of Pardon and Parole,* 1999 WL 102027 at *1 (E.D.La.1999) (quoting *King v. Lynaugh,* 729 F.Supp. 57, 58 (W.D.Tx.1990)); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir.1997) (petitions under § 2241 are used to attack execution of a sentence); *Hall v. Saffle,* 10 Fed. Appx. 768, 2001 WL 589514 at *2 (10th Cir. May 31, 2001) (unpub.) (due process challenge to the execution of a sentence is properly considered under § 2241). Section 2241 is an appropriate vehicle to challenge government action that affects the actual duration of the petitioner's custody (rather than the length of the sentence imposed), "such as challenges to administrative orders revoking good-time credits, computation of a prisoner's sentence by prison officials, a right to release on parole, or other equivalent sentence-shortening devices." § 5:7. Federal prisoners—Section 2241 habeas corpus petitions, Postconviction Remedies § 5:7. The petitioner in this case challenges merely the length of his incarceration under the sentences imposed, rather than the sentences, themselves. Thus, he seeks federal *habeas corpus* relief under 28 U.S.C. § 2241.

**Facts and Procedural Posture**

Mr. Jamison was convicted in the Circuit Court DeSoto County, Mississippi, for attempted armed robbery and possession of a stolen firearm. He was sentenced on January 18, 2006, to serve terms of 10 years on the attempted armed robbery charge (3 to serve and 7 on post-release supervision) and 5 years on the possession of a stolen firearm charge – to be served consecutively (a total of 8 years). *Jamison v. Byrd*, 2:07CV8-MPM-SAA (N. D. Miss.) Doc. 19-2 at 14.[1] It appears

---

[1] The court takes judicial notice of prior proceedings involving the petitioner, both state and federal. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

that Mr. Jamison was released on parole from his state sentence prior to his arrest on federal charges. Doc. 2 at 1 ("[Jamison] was on probation March 5, 2011.")

Then, on June 23, 2012 he committed the federal offenses and was arrested on those charges. *United States v. Jamison*, 2015 WL 1606766 (6th Cir. 2015) (Brief of Andrew Jamison, Defendant/Appellant) at *3, *12. He was indicted on the federal charge of felon in possession of a firearm on November 29, 2012, and the Magistrate Judge ordered that he be detained until trial. *United States v. Jamison*, 2:12CV20323-STA (W.D. Tenn.), Doc. 73 at 1 (Jamison charged and detained until trial). On May 23, 2013, the Federal Grand Jury returned a superseding indictment charging him with a second offense – armed robbery. *Id.* at 2-3.

On August 9, 2013, during his federal pretrial detention, Mr. Jamison received a state warrant for his arrest for violating the terms of parole on his state sentence. Doc. 2 at 1. According to Mr. Jamison, his maximum discharge date on his state convictions was May 23, 2013, the same date the federal Grand Jury returned the superseding indictment. *Id*. He believes that his sentence had fully expired on that date – *prior to* the issuance of the August 9, 2013, arrest warrant on the state parole violation. *Id.* In other words, Mr. Jamison alleges that his state sentence fully expired before his parole could be revoked based upon his arrest on federal charges. A jury convicted him on both federal charges (robbery and possession of a firearm by a convicted felon) on April 8, 2014. *Id.* He is currently serving two concurrent 88-month sentences on those convictions (to run consecutive to his state sentences[2]), and, according to the online Federal Inmate Locator, is due to be released from federal prison on June 19, 2019.

On August 22, 2014, the DeSoto County Sheriff's Department placed a "Hold" on Mr.

Jamison, stating "Please let us know when ready for pick-up by contacting the Fugitive Division …. We will extradite." Doc. 2 at 10. It is this hold that Mr. Jamison has challenged, as he believes that his state sentence fully expired on May 23, 2013, and he is no longer under the jurisdiction of the Mississippi Department of Corrections.

## Ground One: Successive

As an initial matter, the court must dismiss the first ground for relief in the instant petition as successive. Mr. Jamison alleges that his state defense attorney rendered ineffective assistance by failing to file a notice of appeal when directed. This ground is a substantive challenge to the validity of his conviction (which must be brought under 28 U.S.C. § 2254), and he has raised the issue in two prior petitions: *Jamison v. Parker*, 2:06CV73-NBB-SAA (N.D. Miss.) and *Jamison v. Byrd*, 2:07CV8-MPM-SAA. The Antiterrorism and Effective Death Penalty Act requires that before a district court may review a second or successive *habeas corpus* petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A petitioner's failure to obtain permission from the Circuit Court deprives the district court of jurisdiction to consider the successive petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). The petitioner has not obtained such an order; as such, the court must dismiss the petitioner's claim for relief in Ground One for want of subject matter jurisdiction.

## Ground Two: Failure to State a Claim

In Ground Two of the petition, Mr. Jamison's allegation is clear enough; he believes that his state sentence fully expired before the DeSoto County Sheriff's Department issued the parole violation warrant – and before a court found that he violated the terms of his parole. Thus, he argues,

---

[2] See Doc. 2 at 1.

as his entire sentence had expired, he was not on parole and could therefore not have violated the terms of parole. For this reason, he believes that the State's detainer against him with the Federal Bureau of Prisons has no basis and should be removed.

### Jamison's State Sentence Must Run Consecutive to His Federal Sentence

Mr. Jamison frames this ground for relief in two ways. First, he argues that his State sentence should be served concurrently with his federal sentence. However, once a Mississippi inmate's parole is revoked, the remaining sentence on that conviction must be served consecutive to any other sentences imposed for crimes committed while he was on parole:

> [U]nder Miss. Code Ann. § 99-19-21(2) (Rev. 2000), [Jamison] would not be eligible to have his [State and Federal] sentences run concurrently. Section 99-19-21(2) provides:
>
>> *The term of imprisonment for a felony **committed** during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of imprisonment.*
>
> Clearly, under Mississippi law, a convict sentenced for a crime committed while on probation is not eligible for a concurrent sentence for the second crime. *Coleman v. State*, 772 So.2d 1101 (Miss. Ct. App. 2000).

*Johnson v. State of Mississippi*, 909 So.2d 1149 (Miss. Ct. App. 2005) (applied in the case of a federal felony committed while Mississippi inmate was on parole on his state sentence) (italicized portion in original, bold type added). In this case, Mr. Jamison committed the federal felony on June 23, 2012 (the date of his arrest for that felony), and he was on parole from his Mississippi sentence at the time. It is not clear whether Mr. Jamison's parole has since been revoked; however, even if it has been, under § 99-19-21(2) he is not eligible to serve his state sentence concurrent to his federal sentence. Under that statute, he must serve the state sentence consecutive to his federal sentence.

**The Petitioner Was Still Serving His State Sentence
When He Committed the Federal Crimes**

Mr. Jamison also argues that the state court did not complete the process of revoking his parole until after his state sentence had fully expired.³ According to Mr. Jamison, the revocation was ineffective because he had fully completed his sentence by the time the state court held a revocation hearing. In other words, Mr. Jamison argues that the alleged parole revocation is void because, having fully served his sentence, he was not on parole at the time he committed the federal crime – and thus could not have violated the terms of parole.

Mr. Jamison alleges in his petition that the state court imposed a sentence of "Count 1 – 10 years and Count 2 – 5 years." This comports with his sentencing transcript:

> So it will be a five-year sentence on Count 2. Count 1 will be a ten-year sentence, three to serve, seven post-release supervision, five reporting, two nonreporting, all running consecutive to Count 2.

*Jamison v. Byrd*, 2:07CV8-MPM-SAA (N. D. Miss.) Doc. 19-2 at 14. As set forth above, Miss. Code Ann. § 99-19-21(2) requires the trial court to impose a consecutive sentence when an inmate commits crimes while on parole, including crimes committed while on "post-release supervision." In the present case, Mr. Jamison committed his federal offense either while he was on parole or during his period of post-release supervision, and both situations fall under § 99-19-21(2).

---

³ In this argument, Mr. Jamison infers, but does not explicitly state, that the State of Mississippi has completed the process of revoking his parole.

As to his state conviction, Mr. Jamison was arrested on June 1, 2005,[4] for attempt to commit armed robbery and possession of a stolen firearm. He was sentenced in state court on January 18, 2006, to consecutive terms of 5 years and ten years – a total of 15 years. Though the state court imposed the sentence such that Mr. Jamison could potentially serve only 8 years' incarceration; he was nonetheless subject to an additional 7 years' post-release supervision – which could be revoked if he violated the terms of release.

It is unclear how much credit for time served MDOC applied to Mr. Jamison's state sentence. As such, the court will assume for the purposes of this memorandum opinion that he was detained from the day he was arrested (June 1, 2005) until the day he was sentenced (January 18, 2006), a total of 231 days (7 months, 17 days). Hence, from the time Mr. Jamison was sentenced in 2006, he would be subject to jurisdiction of MDOC (either as an inmate or parolee, or during unsupervised post-release supervision) until sometime in the year 2020 (January 2006 + 14 years). Even if Mr. Jamison were due to be *released from incarceration* on the date he indicates (May 23, 2013), *he would still be on either supervised- or unsupervised-release* until 2020. In prison parlance, he would not flat-time until 2020, at the earliest.

Thus, during the times relevant to the instant petition, Mr. Jamison was either on parole or post-release supervision when he committed his federal crimes – meeting the requirements of Miss. Code Ann. § 99-19-21(2). Under that statute, any "term of imprisonment for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence

---

[4] Mr. Jamison previously stated that he was arrested for his state charges on June 1, *2006*. *Jamison v. Byrd*, 2:07CV8-MPM-SAA (N. D. Miss.) Doc. 19-2 at 5. This is clearly a scrivener's error; the state court docket reflects that the arrest warrant issued on May 10, 2005, and was returned executed on June 8, *2005*. *Id*. Doc. 20-1 at 49. June 1, 2005, falls between those two dates.

shall not run concurrently with any preceding term of imprisonment." Under state law, Mr. Jamison's state sentence must run consecutive to his federal sentence, and this ground for relief is without merit and will be denied.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of November, 2018.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI